[NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 97-1033

 UNITED STATES,

 Appellee,

 v.

 DAVID RIVERA, A/K/A KENNETH BAKER,
 A/K/A CHRISTOPHER TOLAN,

 Defendant, Appellant.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF RHODE ISLAND

 [Hon. Francis J. Boyle, Senior U.S. District Judge] 

 

 Before

 Selya, Circuit Judge, 
 Cyr, Senior Circuit Judge, 
 and Boudin, Circuit Judge. 

 

Robert A. Strumwasser on brief for appellant. 
Sheldon Whitehouse, United States Attorney, on brief for 
appellee.

 

 December 10, 1997
 

 Per Curiam. Upon careful review of the briefs and 

record, we find no reason to overturn defendant's sentence. 

 Defendant did not alert the district court to any

alleged breach of the plea agreement, and so we review

defendant's appellate allegation for plain error only. No

plain error appears. Under the written plea agreement, the

government's obligation not to oppose the decrease for

acceptance of responsibility was conditional upon whether

defendant "truthfully admits his involvement in the criminal

conduct to which he is pleading guilty," and the government

did not plainly breach that conditional obligation. We

reject defendant's argument that the plea colloquy made the

government's obligation unconditional; the change of plea

transcript, read as a whole, convinces us that the district

court adequately alerted defendant that his truthfulness

would be a continuing question at sentencing.

 The district court properly refused the decrease for

acceptance of responsibility based on its negative assessment

of defendant's credibility and candor and its interpretation

of defendant's ambiguous, rationalized, and qualified

statements purporting to accept responsibility for the

instant offense. See United States v. Ocasio-Rivera, 991 

F.2d 1, 5 (1st Cir. 1993). We will not second-guess that

assessment and interpretation. Contrary to defendant's

arguments, it does not appear that the district court

 -2-

considered impermissible factors or engaged in improper

speculation in that regard. In any event, we agree with the

district court that defendant's statements did not

demonstrate a clear acceptance of responsibility.

 Affirmed. See 1st Cir. Loc. R. 27.1. 

 -3-